IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TAIQURA B. KENDRICK, 1810069,<br>Petitioner,<br><br>v.<br><br>WILLIAM STEPHENS, Director, Texas<br>Dept. Of Criminal Justice, Correctional<br>Institutions Division,<br>Respondent. | No. 3:13-CV-4490-N |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

### I. Background

Petitioner pled guilty to aggravated assault and assault on a public servant. *State of Texas v. Taiqura B. Kendrick*, Nos. 28026 and 28027 (196th Dist. Ct., Hunt County, Tex., March 26, 2012). She was placed on ten years deferred adjudication probation in each case. Petitioner's probation was later revoked, and on September 5, 2012, she was sentenced to five years in prison in each case. Petitioner did not file an appeal.

On January 31, 2013, Petitioner filed a state application for writ of habeas corpus challenging cause number 28026. *Ex parte Kendrick*, Application No. 79,326-01. On April 17, 2013, the Court of Criminal Appeals denied the petition without written order. On April 30, 2013, Petitioner filed a second state habeas petition challenging cause number 28026. *Ex parte*

*Kendrick*, Application No. 79,326-02. On July 31, 2013, the Court of Criminal Appeals denied the petition without written order.

On October 30, 2013, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254. She argues her convictions were unlawful because:

1. She received ineffective assistance of counsel when counsel:

    (a) failed to file a motion to dismiss the indictment;

    (b) failed to interview possible defense witnesses; and

    (c) failed to argue for a lesser included offense instruction; and

2. Her guilty plea was involuntary.

On January 16, 2014, Respondent filed his answer. Petitioner did not file a reply. The Court now finds that Petitioner's claims related to Cause Number 28027 should be dismissed for failure to exhaust state remedies, and Petitioner's claims related to Cause Number 28026 should be dismissed as barred by the statute of limitations.

## II. Discussion

### 1. Cause Number 28027

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety.

*Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

In Cause Number 28027, Petitioner did not file an appeal and did not file a state habeas petition. Petitioner has therefore failed to present her claims to the Court of Criminal Appeals. Petitioner's claims regarding this conviction should be dismissed for failure to exhaust state remedies.

**B.     Cause Number 28026**

Cause Number 28026 is barred by the statute of limitations. Petitioner filed her § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On March 26, 2012, Petitioner pled guilty and was placed on deferred adjudication probation. She did not appeal her conviction. Orders of deferred adjudication probation are final judgments for purposes of the AEDPA's statute of limitations.[2] *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005). Her conviction therefore became final thirty days later on April 25, 2012. *See* Tex. R. App. P. 26.2; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until April 25, 2013, to file her federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On January 31, 2013, Petitioner filed her first habeas petition. This petition tolled the limitations period for 76 days, until it was denied on April 17, 2013. On April 30, 2013, Petitioner filed her second state habeas petition. This petition tolled the limitations period for 92 days, until it was denied on July 31, 2013. When the 76 days and the 92 days were added to the limitations period, Petitioner's new federal deadline became October 10, 2013. Petitioner, however, did not file her federal petition until October 30, 2013. The petition is

---

<div style="margin-left:2em">collateral review; or</div>

<div style="margin-left:2em">(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.</div>

28 U.S.C. § 2244(d)(1).

[2]Petitioner's claims relate to her March 26, 2012 guilty plea, rather than her revocation.

therefore untimely.

### C. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that she is entitled to equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

### RECOMMENDATION:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 15 day of August, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on the parties. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).